LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]**

**I. INTRODUCTION**

Pending before the Court is Plaintiff Victor Mendoza's Motion to Remand. (Dkt. No. 14.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's motion.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit involves an employment dispute arising from Defendant Staples, Inc. and Defendant Staples Contract & Commercial's (collectively, "Staples") termination of Plaintiff Victor Mendoza ("Plaintiff"). Plaintiff worked as a driver for a company called Corporate Express N.V. (Compl. ¶ 7(a).) Sometime in 2008, Staples acquired Corporate Express N.V. and Plaintiff became a Staples employee. (*Id.*) After the acquisition, Staples' fleet of drivers included two groups: (1) the former Corporate Express N.V. drivers, who were typically older, full-time employees; and (2) Staples' own pre-acquisition drivers, who were typically younger, part-time employees. (*Id.* ¶ 7(b).)

During the 2008 transition period, Plaintiff suffered a massive heart attack that required him to take four months of medical leave. (*Id.* ¶ 7(d).) Plaintiff alleges that one of his co-workers informed him that Defendant Mario Gutierrez ("Gutierrez"), who

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 2 of 12 Page ID #:468

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

worked as Staples' Transportation Manager, wanted to fire him. (*Id.*; *see also id.* ¶ 7(g).) Plaintiff apparently returned to work for one day of light duty per week to prevent this from happening. (*Id.* ¶ 7(d).) According to the Complaint, Gutierrez hoped to terminate the older, full-time employees and replace them with younger, part-time drivers to salvage Staples' bottom line. (*Id.* ¶ 7(e)–(h).)

A few years later, in February 2014, Plaintiff sustained a permanent back and shoulder injury while lifting a white board at work. (*Id.* ¶ 7(q).) Staples again put Plaintiff on light duty. (*Id.* ¶ 7(r).) Plaintiff alleges Defendant Ricky Millan, one of his supervisors, tried to put him on the night shift to coerce him into quitting. (*Id.*)

Plaintiff's medical conditions required him to exercise and stretch before driving. (*Id.* ¶ 7(l).) While completing his stretches one morning, one of Plaintiff's co-workers touched Plaintiff, and Plaintiff prodded back, telling the co-worker to "cut out the silly behavior." (*Id.*) Defendants Adrian Martinez ("Martinez") and Larry Terrazas ("Terrazas"), who also worked as Plaintiff's supervisors, watched the interaction. (*Id.* ¶ 7(m).) Martinez apparently told the two drivers to stop horse playing and sent the co-worker back to work but took Plaintiff into his office to ask him to cool down. (*Id.*)

Sometime after this incident, on March 5, 2014, Gutierrez called Plaintiff into his office to discuss the horse playing incident. (*Id.* ¶ 7(s).) Staples' Human Resources Manager was present at the meeting, and a Safety Manager participated by conference call. (*Id.* ¶ 7(t).) Plaintiff explained the incident involved only horse play and also complained about management's treatment of the older Corporate Express N.V. drivers. (*Id.* ¶ 7(u).) At the end of the meeting, Gutierrez suspended Plaintiff for three days without pay. (*Id.*) One week later, Staples completed its investigation into the incident and terminated Plaintiff. (*Id.* ¶ 7(w).)

Plaintiff initiated this lawsuit on July 10, 2014 in the Superior Court of California, County of Los Angeles. (Notice of Removal ("Removal") Ex. A.) Plaintiff alleges that Staples unlawfully terminated him under pretext and that the real reason for his termination was to save money by replacing him with a younger, part-time driver. (Compl. ¶ 8.) The Complaint brings the following California state law claims against Staples: (1) wrongful termination in violation of public policy; (2) breach of express contract not to terminate without good cause; (3) breach of implied-in-fact contract not to

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 3 of 12 Page ID #:469

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

terminate without good cause; (4) age discrimination; (5) age-based harassment; (6) retaliation for complaining about age-based discrimination and harassment; (7) disability discrimination; (8) disability-based harassment; (9) retaliation for complaining about disability-based discrimination and harassment; (10) violation of the California Labor Code section 1102.5; and (11) violation of the California Private Attorneys General Act ("PAGA"). (*Id.* ¶¶ 15–84.) The Complaint also names Gutierrez, Millan, Martinez, and Terrazas as defendants on the age- and disability-based harassment claims. (*Id.* ¶¶ 43–48, 62–67.)[1]

Staples removed the matter to this Court on October 8, 2014, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Specifically, Staples asserts that Gutierrez, Millan, Martinez, and Terrazas are "sham" defendants whose citizenship should be disregarded for diversity jurisdiction purposes and that the amount in controversy exceeds $75,000, exclusive of costs and interest. The four individual defendants have filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) This motion is still pending before the Court and is set for hearing on December 22, 2014. (*Id.*)

Plaintiff moved to remand this case on October 31, 2014. (Dkt. No. 14.) Staples timely opposed the motion (Dkt. No. 15), and Plaintiff timely replied (Dkt. No. 16).

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." *Id.* § 1332(a)(1). The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning each plaintiff

---

[1] Plaintiff's Reply in support of his Motion to Remand argues that Staples has failed to establish that Gutierrez, Millan, Martinez, and Terrazas are "sham" defendants with respect to Plaintiff's intentional infliction of emotional distress claim. (*See* Reply at 10–12.) But the Complaint does not bring such a claim against any defendant in this matter. (*See generally* Compl.)

Case 2:14-cv-07837-BRO-FFM   Document 17   Filed 11/24/14   Page 4 of 12   Page ID #:470

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *Id.* § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It exists (and the non-diverse defendant is ignored for purposes of determining diversity of the parties) if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 564, 566 (9th Cir. 1998).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a resident defendant where the resident defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff contends the Court lacks subject matter jurisdiction because Plaintiff and Defendants are not completely diverse and the amount in controversy does not exceed

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 5 of 12 Page ID #:471

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

$75,000, exclusive of costs and interest. Plaintiff is a citizen of California.[2] Gutierrez, Millan, Martinez, and Terrazas are also citizens of California. (Removal ¶ 23.)

---

[2] For diversity jurisdiction purposes, an individual is a citizen of his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is domiciled where he or she resides with the intention to remain. *Id.* The Complaint alleges that Plaintiff is a resident of California. (Compl. ¶ 1.) Staples' Notice of Removal asserts Plaintiff is a California citizen because he currently lives in California, holds a California driver's license, and worked in California from August 1998 until filing the Complaint. (Removal ¶ 12.) Plaintiff argues Staples has failed to establish that Plaintiff is a California citizen for diversity jurisdiction purposes because it has not offered evidence supporting the allegations about Plaintiff's domicile. (*See* Mot. for Remand at 7.)

This argument is meritless. 28 U.S.C. § 1446 governs the process for removing civil actions from state court to the federal district court. Under the statute, a defendant seeking to remove a matter must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As Staples points out, "[n]othing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations." *Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (concluding that a removing defendant may establish jurisdictional grounds for removal by making jurisdictional allegations)). Thus, Staples was not required to support the allegations about Plaintiff's California citizenship with evidence.

Moreover, despite Plaintiff's improper challenge to the lack of evidence establishing his domicile and citizenship, Plaintiff's motion apparently concedes that Plaintiff is, in fact, a California citizen. The crux of Plaintiff's Motion for Remand is that there is no complete diversity because Gutierrez, Millan, Martinez, and Terrazas are all California citizens. (*See* Mot. for Remand at 7–12.) Complete diversity is only lacking if Plaintiff is also a California citizen.

Finally, the cases Plaintiff has cited are inapposite. In *Kantor*, the Ninth Circuit found that the defendant's notice of removal did not establish diversity jurisdiction because it did not make *any* allegation about the plaintiffs' citizenship. 265 F.3d at 857–58. Here, however, Staples' Notice of Removal affirmatively alleges that Plaintiff is a California citizen. (*See* Removal ¶¶ 12, 13.) Plaintiff's reliance on *Bradford v. Mitchell Brothers Truck Lines*, 217 F. Supp. 525 (N.D. Cal. 1963) is also misplaced. In that case, the court found the removing defendant failed to establish complete diversity because the notice of removal did not allege the plaintiffs' citizenship and alleged the defendants' citizenship only "upon information and belief." *Id.* at 526–27. But the Notice of Removal here affirmatively alleges Staples is a citizen of Delaware and Massachusetts, and that Gutierrez, Millan, Martinez, and Terrazas are citizens of California. (*See* Removal ¶¶ 16–23.)

In sum, Staples has adequately established that Plaintiff is a California citizen for diversity jurisdiction purposes. The Court will therefore limit its analysis to (1) whether Gutierrez, Millan, Martinez, or Terrazas are "sham" defendants; and (2) whether Staples has met its burden to establish the requisite amount in controversy.

Case 2:14-cv-07837-BRO-FFM   Document 17   Filed 11/24/14   Page 6 of 12   Page ID #:472

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

Accordingly, complete diversity is lacking unless these four defendants are all "sham" defendants who have been fraudulently joined.

To defeat Plaintiff's Motion to Remand, Staples bears the burden of demonstrating that Gutierrez, Millan, Martinez, and Terrazas have been improperly named as defendants in this matter. *See Gaus*, 980 F.2d at 566. "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent." *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012); *accord Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[D]efendants who assert fraudulent joinder carry a heavy burden of persuasion."). To defeat remand, Staples must therefore establish that Plaintiff has failed to state a claim against all four of the non-diverse defendants based on well-settled California law. *McCabe*, 811 F.2d at 1339. Plaintiff, on the other hand, can establish that removal was improper merely by demonstrating that "there is any possibility that [he] will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000).

### 1. Complete Diversity

The Complaint alleges claims against Gutierrez, Millan, Martinez, and Terrazas for age- and disability-based harassment under California's Fair Employment and Housing Act ("FEHA"). (Compl. ¶¶ 43–48, 62–67.) FEHA prohibits workplace harassment on various bases, including age and disability. Cal. Gov. Code § 12940(j)(1). In addition to employers, employees who perpetrate harassment may be personally liable under the statute. *Id.* § 12940(j)(3).

To state a prima facie claim for age- or disability-based harassment under FEHA, Plaintiff must allege all of the following: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected class; and (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment. *See Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010) (discussing elements of a claim for race-based harassment). The fourth element requires

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 7 of 12 Page ID #:473

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

Plaintiff to show that the non-diverse defendants' conduct "would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee." *Id.* at 877. To be actionable as harassment, the conduct must be sufficiently severe or pervasive to alter the workplace. "[O]ccasional, isolated, sporadic, or trivial" conduct is insufficient; harassment must be of a "repeated, routine, or generalized nature." *Id.* (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (Cal. 1999)) (internal quotation marks omitted).

Moreover, "harassment consists of a type of conduct not necessary for performance of a supervisory job." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (Cal. Ct. App. 1996). "[C]ommonly necessary personnel management actions" such as hiring and firing, work assignments, and performance evaluations do not amount to harassment. *Id.* at 64–65. Harassment requires "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 63.

With these principles in mind, the Court will discuss the allegations against Gutierrez, Millan, Martinez, and Terrazas individually. The allegations of age- and disability-based harassment against each individual defendant are similar, so the Court will address them together.[3] For the reasons discussed below, the Court finds Plaintiff's failure to state a claim for harassment against any non-diverse defendant is obvious according to well-settled California law.

---

[3] Staples argues that Plaintiff's age-based harassment claims must fail because the Complaint indicates Plaintiff was not at least forty years old when Staples terminated him. (*See* Compl. ¶ 6(a)) ("Plaintiff was only days from his 40th birthday when he was terminated.") FEHA liability for age-based harassment requires Plaintiff to show he was a member of a protected class, and age is a protected class only where an employee is over forty years old. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (discussing elements of an age discrimination claim under FEHA). But Plaintiff also alleges he was more than forty years old at the time of his termination. (Compl. ¶ 35.) The Court construes this factual uncertainty in Plaintiff's favor and assumes Plaintiff can satisfy the age requirement for an age-based harassment claim. *See Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010).

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 8 of 12 Page ID #:474

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

### a. Defendant Gutierrez

The Complaint generally alleges that Gutierrez favored the younger Staples drivers over the former Corporate Express N.V. drivers. (Compl. ¶ 7(c).) To that end, Gutierrez apparently instituted a driving academy that accepted almost exclusively young drivers. (*Id.* ¶ 7(g).) Plaintiff also alleges that after his heart attack, another employee informed him that Gutierrez wanted to fire him. (*Id.* ¶ 7(d).) Finally, Plaintiff alleges that Gutierrez called him into his office after the horse playing incident and helped initiate an investigation into the matter. (*Id.* ¶ 7(s)–(u).)

These allegations are insufficient to state a claim against Gutierrez according to California's well-settled rules regarding FEHA liability for age- or disability-based harassment. Gutierrez's investigation into the horse playing incident and his resulting participation in Plaintiff's termination are acts of personnel management that do not amount to harassment as a matter of law. *See Janken*, 46 Cal. App. 4th at 63. That Gutierrez allegedly wanted to fire Plaintiff after his back injury, which occurred in 2008, six years before Plaintiff's ultimate termination, is also insufficient to amount to harassing conduct. This is because the Complaint does not allege Gutierrez said or did anything to communicate his desire to Plaintiff. Instead, Plaintiff apparently heard about Gutierrez's plan from a co-worker. And the Complaint does not allege Gutierrez acted on his desire to terminate Plaintiff or took any steps to put his plan into practice until he called Plaintiff into his office to discuss the horse playing incident six years later. Gutierrez's uncommunicated desire alone is insufficient to demonstrate a pattern of repeated, routine, or generalized harassing conduct. *Thompson*, 186 Cal. App. 4th at 876.

The only remaining allegations are that Gutierrez favored younger employees and accepted primarily young drivers to the driving academy. But these allegations are too general to establish that Gutierrez engaged in sufficiently severe or pervasive conduct so as to alter the workplace. Accordingly, Gutierrez is a "sham" defendant whose citizenship must be disregarded. *McCabe*, 811 F.2d at 1339.

### b. Defendant Millan

Most of Plaintiff's harassment allegations concern Defendant Millan. Plaintiff alleges that on one occasion, Millan took over Plaintiff's route and "scoffed that the route

Case 2:14-cv-07837-BRO-FFM Document 17 Filed 11/24/14 Page 9 of 12 Page ID #:475

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

was too easy, that Plaintiff was too slow, and too old." (Compl. ¶ 7(i).) On another occasion in March 2014, Millan allegedly derided Plaintiff's age and physical condition, saying, "Man, you are getting old with your bad back and a heart condition." (*Id.* ¶ 7(q).) Finally, Plaintiff alleges that Millan "feverishly pushed" to place Plaintiff on the night shift in an attempt to coerce him off light duty. (*Id.* ¶ 7(r).)

Millan's efforts to schedule Plaintiff on the night shift are pure personnel management activities and cannot constitute harassment. *See Janken*, 46 Cal. App. 4th at 63. The Court recognizes that Millan's comments about Plaintiff's age and physical condition conceivably go beyond his supervisory role and could have been engaged in for personal gratification. Nevertheless, these two isolated occasions fail to state a claim for harassment under well-settled California law, as it is clear that occasional, isolated or sporadic conduct is insufficient to establish harassment as a matter of law. *Fisher*, 214 Cal. App. 3d at 610. Accordingly, Millan is also a "sham" defendant in this matter.

### c. Defendant Martinez

The Complaint alleges only three acts by Defendant Martinez. First, about two weeks before his termination, Plaintiff confronted Martinez and asked why his driving schedule incorporated other drivers' assigned routes. (Compl. ¶ 7(k).) Martinez apparently responded that he had no control over scheduling. (*Id.*) Frustrated with what he perceived to be a lack of accountability, Plaintiff complained about Staples' management; Martinez apparently took no action and only "shrugged his shoulders." (*Id.*) Plaintiff's second allegation asserts that Martinez watched the horse playing incident and scolded Plaintiff for it. (*Id.* ¶ 7(m).) Martinez apparently told Plaintiff's co-worker to go back to work but took Plaintiff into his office and asked him to "cool off" before returning to his route. (*Id.* ¶ 7(m)–(o).) Finally, Plaintiff alleges Martinez told him to go to Gutierrez's office to discuss the incident. (*Id.* ¶ 7(s).)

All of these allegations involve personnel management decisions. Martinez reprimanded Plaintiff for horse playing, directed Plaintiff to another manager's office, and admitted he had no control over scheduling in his capacity as one of Plaintiff's supervisors. The Complaint does not allege any facts suggesting Martinez engaged in any of this conduct for personal gratification or out of meanness or bigotry because of Plaintiff's age or disability. The Court concludes Martinez was also fraudulently joined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

### d. Defendant Terrazas

The only allegation of harassment by Defendant Terrazas is that he watched the horse playing incident and failed to intervene. (Compl. ¶ 7(m).) This allegation is insufficient to state a harassment claim against Terrazas for at least two reasons. First, a single instance of action (or failure to act, as in this case) does not demonstrate repeated, routine, or generalized harassing conduct. *Fisher*, 214 Cal. App. 3d at 610. Second, Plaintiff does not allege Terrazas' failure to intervene was linked in any way to his age or disability. Accordingly, Terrazas cannot be liable for age- or disability-based harassment under FEHA. His citizenship must also be disregarded.

### 2. Amount in Controversy

Having determined that all four non-diverse defendants were fraudulently joined, the Court must also consider whether Staples has established that the amount in controversy is sufficient to invoke the Court's jurisdiction under § 1332. When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is plead," the applicable standard is by a preponderance of the evidence. *Id.* This requires the defendant to offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).[4]

---

[4] Plaintiff asserts that Staples must proffer summary judgment-style evidence to properly establish the requisite jurisdictional amount in controversy. (*See* Pl.'s Mot. to Remand at 12–13.) Plaintiff cites to *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C. D. Cal. 2002), which relies on *Easley v. Pace Concerts, Inc.*, No. CIV. A. 98-2220, 1999 WL 649632, at *3 (E.D. La. Aug. 25, 1999) and *Singer*, 116 F.3d at 377 for this proposition. *Easley* is not binding authority on this Court. And in *Singer*, the Ninth Circuit stated that a district court "*may* require the parties to submit summary-judgment-type evidence" in determining whether the preponderance of the evidence standard has been satisfied. 116 F.3d at 377 (emphasis added). The Court is mindful that the Ninth Circuit has expressly "endorsed" the practice of considering summary judgment-type evidence relevant to the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

Plaintiff's Complaint does not seek a specific amount of damages. (*See generally* Compl.) Plaintiff does, however, seek general and specific damages, exemplary damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of suit. (*See* Compl. at 25.) The Complaint alleges Plaintiff has "suffered and continues to suffer damages, including losses of earnings and benefits." (*Id.* ¶¶ 24, 29, 39, 45, 52, 58, 64, 71.) It also alleges Plaintiff "has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish." (*Id.* ¶¶ 17, 40, 46, 53, 59, 65, 72, 78.) Moreover, Plaintiff seeks punitive damages and attorneys' fees for many of his claims. (*Id.* ¶¶ 19, 20, 30, 41, 42, 47, 48, 54, 60, 61, 66, 67, 73, 74, 80, 84.)

In its Notice of Removal, Staples avers that at the time of his termination, Plaintiff earned an annual salary of $42,120, not including benefits, which are generally valued as 30% of an employee's pay. (Removal ¶ 44.) Plaintiff does not dispute this fact. (*See generally* Mot. to Remand; Reply.) Staples also attached various documents demonstrating that in employment cases involving claims similar to Plaintiff's, Plaintiff's counsel has requested attorneys' fees ranging from $700,000 to over $1 million. (Dkt. No. 2 Exs. B, E, G, J, K.) The Court recognizes that the mere fact Plaintiff's counsel requested substantial fees in prior cases does not necessarily establish Plaintiff will recover similar fees in this matter. Nevertheless, this evidence suggests a likelihood that attorneys' fees could significantly increase the amount in controversy.

Staples has also provided the Court with a recent declaration from Plaintiff's counsel. (*Id.* Ex. O.) The declaration lists the verdicts Plaintiff's counsel has won in employment cases since 2013; these verdicts range from $2.5 million to $26 million. Staples has further supported this declaration with actual jury verdicts for employment cases involving Plaintiff's counsel and claims similar to Plaintiff's. (*Id.* Exs. A, C, F, H, L, N.) These verdicts range from $100,000 to over $13 million. (*Id.*) Additionally, the declaration states that the "vast majority" of the FEHA cases Plaintiff's counsel has settled have settled for more than $500,000. (*Id.* Ex. O)

---

amount in controversy at the time of removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). But the Court need not decide whether a removing defendant *must* offer such evidence because here, Staples has done so. (*See* Dkt. No. 2, Exs. A–O.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07837 BRO (FFMx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | VICTOR MENDOZA V. STAPLES, INC. ET AL. | | |

Given the claims Plaintiff alleges and the kinds of damages he seeks—namely, lost wages, emotional distress, punitive damages, and attorneys' fees—the Court finds that Staples has satisfied its burden to demonstrate that the amount in controversy exceeds $75,000. Because the Court also finds that all four non-diverse defendants were fraudulently joined, the Court's exercise of diversity jurisdiction is proper.

### B. Plaintiff's Request for Costs and Attorneys' Fees is Unwarranted

Plaintiff requests an award of costs and attorneys' fees incurred in bringing the instant remand motion pursuant to 28 U.S.C. § 1447(c). (Mot. to Remand at 13–14.) Section 1447(c) authorizes a district court to order costs and actual expenses, including attorneys' fees incurred as a result of removal, where the court remands the matter. *See* 28 U.S.C. § 1447(c). As discussed above, this matter was properly removed. Accordingly, Plaintiff's request for costs and attorneys' fees lacks merit.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. The Court also **DENIES** Plaintiff's request for costs and attorneys' fees. The hearing on Plaintiff's remand motion is **VACATED**. This Order does not affect the hearing set for December 22, 2014, at 1:30 p.m. on Defendants Gutierrez, Millan, Martinez, and Terrazas' joint motion to dismiss.

**IT IS SO ORDERED.**

:

Initials of Preparer      rf